◼ CHRISTOPHER S. MANETI, Respondent, v ARIANA REALTY COMPANY et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants. MANA PRODUCTS, INC., Third-Party Defendant-Appellant. [733 NYS2d 638] —In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Queens County (Polizzi, J.), dated January 18, 2000. By letter dated September 21, 2001, counsel for the appellant notified this Court that the appeal, which was scheduled to be on the calendar for October 4, 2001, had been rendered academic by the dismissal of the action by the Clerk of the Supreme Court, Queens County, in September 2000.

Ordered that the appeal is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appellant, its counsel, Quirk and Bakalor, P. C., and counsel for the plaintiff-respondent are directed to show cause why an order should or should not be made and entered imposing such sanctions and/or costs, if any, against the appellant and/or its counsel pursuant to 22 NYCRR 670.2 (g) as this Court may deem appropriate, by filing an affirmation or affidavit on that issue in the office of the Clerk of this Court and serving one copy of the same on all parties to the action on or before December 21, 2001.

Section 670.2 (g) of the rules of this Court provides, in relevant part, that "[i]f a cause or the underlying action * * * is wholly or partially settled or if any issues are wholly or partially rendered moot * * * the parties or their counsel shall immediately notify the court," and "[a]ny attorney or party who, without good cause shown, fails to comply with the requirements of this subdivision shall be subject to the imposition of such costs and for sanctions as the court may direct" (22 NYCRR 670.2 [g]). Since the appellant only notified this Court that the matter had been dismissed after approximately one year had passed, and after the matter had been placed on this Court's calendar, the imposition of a sanction may be warranted.

The Clerk of this Court, or his designee, is directed to serve counsel for the appellant with a copy of this decision and order by regular mail. Santucci, J. P., Goldstein, Townes and Cozier, JJ., concur.